UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CRYSTAL PATTERSON, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-07-1327 |
| § | |
| GOODMAN MANUFACTURING CO., § | |
| § | |
| *Defendant*. § | |

## ORDER

Pending before the court is Goodman Manufacturing Company's motion to dismiss. Dkt. 9. Upon consideration of the motion and the applicable law, the motion is GRANTED.

## BACKGROUND

Patterson filed suit in the 281st Judicial District Court in Harris County, Texas on March 20, 2007. Dkt. 1, Ex. 3. Goodman removed the case to the Southern District of Texas on April 19, 2007 pursuant to federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441. Dkt. 1. Goodman served Patterson with requests for admission, interrogatories, and production on June 15, 2007 to which Patterson never responded. *See* Dkt. 8. Additionally, although Patterson was noticed twice for deposition, she and her counsel failed to appear on both occasions. *Id.* Not only has Patterson failed to respond to discovery, she has not responded to Goodman's motion for summary judgment, or indeed this motion to dismiss.

## ANALYSIS

Federal Rule of Civil Procedure 41(b) allows a court to dismiss with prejudice "[f]or failure of the plaintiff to prosecute" her case. FED. R. CIV. P. 41(b). "When considering whether to dismiss a case for lack of prosecution, a district court must weigh the court's need to manage its docket, the

public interest in expeditious resolution of litigation, the risk of prejudice to defendants from delay, and the policy favoring disposition of cases on their merits." *Edwards v. Harris County Sheriff's Dept.*, 864 F. Supp. 633, 636 (S.D. Tex. 1994). Additionally, the court should consider (1) the plaintiff's contribution to the delay, (2) the prejudice to the defendant; and (3) if the delay was intentional. *Id.* (citing *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989)).

Here, although the defendant has tried numerous times to engage the plaintiff in discovery, the plaintiff has failed to answer. *See* Dkt. 8. Moreover, since the case was removed to this court 10 months ago, the plaintiff has filed only one thing with this court—a joint scheduling agreement. Dkt. 4. "A delay is unreasonable if there is a significant period of total inactivity by the plaintiff." *Id.* (citing *Ramsey v. Bailey*, 531 F.2d 706, 708 (5th Cir. 1976)). All of the delays in the instant case were completely within the control of the plaintiff and her counsel. And, in light of the plaintiff's vigorous resistance to discovery and failure to respond to the defendant's motions for summary judgment and to dismiss, the court must assume that the delays were intentional, rather than accidental. *See* Dkts. 7, 8 & 9.

Furthermore, the court may grant the motion to dismiss, because the plaintiff has not responded to defendant's motion. Dkts. 9. According to Rule 7.4 of the Local Rules of the Southern District of Texas, failure to respond is regarded as a representation of no opposition. L.R. 7.4. Accordingly, the plaintiff does not oppose dismissal.

## CONCLUSION

For all of the above reasons, the court finds that dismissal is warranted. Goodman's motion to dismiss is GRANTED, and this case is DISMISSED WITH PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 7.4.

It is so ORDERED.

Signed at Houston, Texas on February 28, 2008.

_____
Gray H. Miller
United States District Judge